UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

IN THE MATTER OF:                             )
                                              )
GREG A. KRIDER                                )           CASE NO.     09-15837
                                              )
                                              )
        Debtor                                )

### ORDER ON MOTION TO RESET HEARING AND DISMISSING CASE

At Fort Wayne, Indiana on    October 16, 2013.

The trustee's motion to dismiss was the subject of a hearing held on April 16, 2013.  That motion was not only unopposed, but the debtor agreed that a problem existed and believed it could be remedied through some sort of agreed order.  Since that time no agreed order has been filed.  Accordingly the trustee filed a motion asking the court to reset a hearing on her earlier motion to dismiss, representing that the parties have not reached an agreement resolving that motion.  Given the amount of time which has passed since the motion to dismiss was first heard and the debtor's failure to correct an acknowledged problem, the court sees no reason to schedule further proceedings on the matter and, instead, finds that cause exists to dismiss this case.

It is therefore ordered that:

1. This chapter 13 case is dismissed, without prejudice.

2. Any wage deduction order which may be in force is terminated, effective with the date of this order.

3. Any entity wishing to file a request for payment of an administrative expense under 11 U.S.C. § 503(b) shall file the request within 14 days from the date of this order.

4. The chapter 13 trustee shall disburse all funds on hand in accordance with 11 U.S.C. § 1326(a) and  file a chapter 13 final report and account within 60 days after (a) the expiration of the request for administrative expense deadline or (b) the entry of an order approving any timely request for administrative expense, whichever is longer.

5.   Upon receipt of the trustee's final report and account and after (a) the expiration of the 30-day objection to final report deadline or (b) the entry of an order resolving any timely objection to the final report, whichever is longer, the trustee will be discharged and relieved of his/her trust and the surety on the trustee's bond will be released from further liability thereunder in this estate, except any liability which may have accrued during the time the bond was in effect as to this estate, without further notice, hearing, or order.

6.   The Clerk shall serve a copy of this order on all creditors and parties in interest.


_/s/ Robert E. Grant_
Chief Judge, United States Bankruptcy Court

2